**SO ORDERED.**

**SIGNED this 01 day of October, 2010.**

*Stephani H. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                                CASE NO.

**MICHAEL FRED NELSON, SR.**                          **09-03593-8-SWH**
**ALGIA LYNN NELSON**

      **DEBTORS**

### ORDER ALLOWING MOTION TO AVOID LIEN AND DENYING OBJECTION TO EXEMPTIONS

The matters before the court are the debtors' motion to avoid a judicial lien and the objection of Ida Jo Allison to the debtors' amended claim of exemptions. On September 15, 2010, a hearing took place in Raleigh, North Carolina. For the reasons set forth below, the motion to avoid the judicial lien of Ida Jo Allison will be allowed and the objection to the debtors' amended claim of exemptions will be denied.

<u>Background</u>

On October 28, 2008, Ida Jo Allison obtained a judgment against Michael Fred Nelson, Sr. and Algia Lynn Nelson in Wake County in the amount of $144,563.63. On May 1, 2009, the Nelsons filed a petition for relief under chapter 13 of the Bankruptcy Code. As of the petition date, the Nelsons were married and living together at 2219 Creston Road in Raleigh, North Carolina (the "Property"). On their initial schedules, the debtors claimed an exemption in the Property pursuant

to §522(b)(3)(B) as property held as tenants by the entirety.  The debtors scheduled the value of the Property at $300,000.00, subject to a first lien in the amount of $30,942.55 in favor of Wells Fargo and Ms. Allison's judgment lien of $144,563.63.  At some point thereafter, Mr. Nelson moved out of the residence and lived elsewhere.  In October of 2009, the debtors' case was converted to chapter 7, and on July 12, 2010, the trustee sold the Property at auction for $157,000.00.  On August 5, 2010, the debtors amended their exemption in the Property to claim a $37,000.00 exemption pursuant to N.C.G.S. § 1C-1601(a)(1).[1]  The debtors filed the present motion to avoid Ms. Allison's judicial lien on August 12, 2010, and on August 13, 2010, Ms. Allison filed the present objection to the claimed exemption.

<u>Discussion</u>

Although it would appear that the analysis should begin with the objection to the debtors' amended exemptions, the primary and threshold issue is whether the debtors' motion to avoid the judicial lien is appropriate under § 522(f), i.e., whether or not, the amended exemption if allowed, is actually impaired by the judicial lien.  That is an issue of valuation.

The debtors scheduled the value of the Property at $300,000.00 on June 25, 2009.  Using that value, the judicial lien does not impair the exemption.  However, if the true value of the Property as of the petition date is the sale price on July 12, 2010, $157,000.00, the judgment lien impairs the exemption in the amount of $58,707.38.[2]

---

[1]The debtors based the exemption amount on the statutory amount in effect at the time the petition was filed.  The current exemption amount is $70,000.00.

[2]The sum of the judgment lien of $144,563.33, an ad valorem tax lien to Wake County of $3,201.50, the first lien of Wells Fargo of $30,942.55, and the debtors' exemption of $37,000.00 is $215,707.38.  The difference between this sum and $157,000.00 is $58,707.38.

2

Exemptions are determined based on values as of the petition date.  See Fitzgerald v. Davis, 729 F.2d 306 (4th Cir. 1984).  However, the court is not bound by the value scheduled and may look beyond the schedules to determine value.  For example, in Fitzgerald, where the price realized from the sale of the debtors' property was greatly in excess of their original estimate of its value, the court found that the sale price was the more reliable evidence of value, and that the debtors apparently arrived at the original value in error.  Id.  The court noted that the Code simply defines "value" in the context of exemptions as the fair market value on the petition date, and although estimates are frequently relied upon as to fair market value, the court nevertheless concluded: "In the absence of proof that the property has changed in value after the date of filing, a bankruptcy court should not disregard the price obtained from a sale of the property during the pendency of the bankruptcy proceedings." Id. at 308.  In this case, the male debtor testified as to his belief that the Property was worth much more than it brought upon sale, but that nothing had happened between the filing date and the sale date that would have affected the value.  As a result, it is the debtors' position that the sale price must have been the value of the Property.  Although Ms. Allison disputes this position, no contrary evidence was introduced as to value.  Therefore, the court finds the value as of the petition date to be at or near the sale price of $157,000.00.  Unless the amended exemption is disallowed, avoidance of the judgment lien is appropriate.

Amendments to exemptions are liberally allowed unless they are made in bad faith or have a prejudicial effect on creditors.  In re Opfer, Case No. 07-03532-8-JRL (Bankr. E.D.N.C. Mar. 20, 2008); In re LoCurto, 239 B.R. 314 (Bankr. E.D.N.C. Sept. 22, 1999).  The court finds no evidence of bad faith in the debtors' amendment to their claim of exemptions.  Mr. Nelson was forthcoming in testifying that he believed his home was worth more at the time of filing, but that he was simply

3

wrong. It appears that all parties had committed the same error. Thus, the debtors properly and promptly reacted once they learned of the value of the Property upon its sale by modifying their claim of exemptions.

Further, although Ms. Allison contends that the homestead exemption is not appropriate because the male debtor does not currently live at the property claimed as exempt, the debtors' entitlement to the homestead exemption is determined as of the date of the petition. Given that the debtors were living in the same household at the time of filing, the fact that they separated some time after filing has no bearing. Additionally, the debtors represent that the female debtor, who continuously resided at the Property, is dependent on the male debtor's income and support. The debtors therefore would have qualified for the homestead exemption even if the male debtor had not lived at the Property on the petition date, because the female debtor appears to be a dependent spouse using the Property as a residence. See In re Preston, 428 B.R. 340, 343 (Bankr. W.D.N.C. Sept. 24, 2009) (Noting that for purposes of N.C.G.S. § 1C-1601(a)(1), the term "dependent," includes a 'dependent spouse', which North Carolina courts have defined as a spouse who is substantially dependent on the other spouse for maintenance or support).

Finally, Ms. Allison contends that she has been prejudiced by the debtors' amendment to their exemptions. She states that had she known the debtors would claim the homestead exemption, rather than tenancy by the entirety, she would have bid in at the sale in order to obtain the property and then sell it later to realize the value of the judgment. The court is not in a position to evaluate this argument, however, because no evidence was introduced by Ms. Allison. The court cannot assume Ms. Allison's intent or ability to bid at the sale, and therefore can find no prejudice as a result of the amendment to exemption.

Accordingly, the debtors' motion to avoid the judicial lien of Ida Jo Allison is **ALLOWED** to the extent of $58,707.38, and Ms. Allison's objection to the debtors' claim of exemptions is **DENIED.**

**SO ORDERED**.

**END OF DOCUMENT**